1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

11

WYNTON K. WALLERS,

12

Plaintiff,

13

v.

14

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL

15

SECURITY ADMINISTRATION,[1/]

16

Defendant.

17

) Case No. CV 13-1537 JCG
)
)
)
)
) **MEMORANDUM OPINION AND**
) **ORDER**
)
)
)
)
)
)
)

18

19        Wynton K. Wallers ("Plaintiff") challenges the Social Security

20   Commissioner's decision denying his application for disability benefits.  Plaintiff

21   contends that the Administrative Law Judge ("ALJ") improperly evaluated the

22   medical evidence.  (Joint Stip. at 3, 13-16.)  The Court agrees with Plaintiff for the

23   reasons stated below.

24        A.    Evaluation of the Medical Evidence

25         Plaintiff argues that the ALJ improperly evaluated the medical evidence when

26   he adopted the opinion of the state agency consultant over the opinions of Plaintiff's

27   _____

28     [1/]  Carolyn W. Colvin is substituted as the proper defendant herein.  *See* Fed. R.
      Civ. P. 25(d).

1   treating and examining physicians.  (*Id.*)

2           1.   <u>Standard</u>

3       In evaluating medical opinions, the law distinguishes among the opinions of

4   three types of physicians:

5       (1) those who treat the claimant;

6       (2) those who examine but do not treat the claimant; and

7       (3) those who neither examine nor treat the claimant.

8   *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

9       "As a general rule, more weight should be given to the opinion of a treating

10  source than to the opinion of doctors who do not treat the claimant." *Id.*; *accord*

11  *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003).  This is so

12  because a treating physician "is employed to cure and has a greater opportunity to

13  know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226,

14  1230 (9th Cir. 1987).

15      Where the treating physician's "opinion is not contradicted by another doctor,

16  it may be rejected only for 'clear and convincing' reasons." *Benton*, 331 F.3d at

17  1036.  "Even if the treating doctor's opinion is contradicted by another doctor, the

18  [ALJ] may not reject this opinion without providing specific and legitimate reasons

19  supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (citation

20  omitted); *accord Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

21      The ALJ can meet the requisite specific and legitimate standard "by setting

22  out a detailed and thorough summary of the facts and conflicting clinical evidence,

23  stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881

24  F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

25          2.   <u>The ALJ Improperly Adopted Non-Treating, Non-Examining</u>

26              <u>State Agency Consultant Dudley's Opinion</u>

27      The ALJ's evaluation of the medical evidence is not legally sufficient and/or

28  supported by substantial evidence because he improperly adopted the opinion of

1  non-treating, non-examining state agency consultant Dudley.  Two reasons guide
2  this determination

3        First, Dr. Dudley's opinion, standing alone, does not constitute substantial
4  evidence here.  *Erickson v. Shalala*, 9 F.3d 813, 818 n.7 (9th Cir. 1993) ("the non-
5  examining physicians' conclusion, *with nothing more*, does not constitute substantial
6  evidence[]") (citation omitted); *see Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d
7  1190, 1195 (9th Cir. 2004) (physician's "views carried only minimal evidentiary
8  weight" where in the form of a checklist and lacking supportive objective evidence).
9  Here, Dr. Dudley did not treat, examine, or even meet Plaintiff.  He submitted his
10  conclusions in checklist form, only partially completed, with no supporting
11  evidence.  (*See* AR at 272-75.)  As such, the ALJ's reliance thereupon was improper.
12  (*See id.* at 29 ("I find Dr. Dudley's opinion to be most consistent with the evidence
13  in this case [].  Accordingly, I find that [Plaintiff's] mental impairments are not
14  severe.").)

15        Second, assuming *arguendo* that the ME's opinion was legally sufficient to
16  constitute substantial evidence, here, the ME's opinion is internally inconsistent.
17  *See Morgan v. Comm'r of Soc. Sec. Admin.*, 168 F.3d 595, 603 (9th Cir. 1999)
18  (internally inconsistent physician's report is properly discounted).  In particular, Dr.
19  Dudley rated Plaintiff as moderately impaired in his ability to understand, remember,
20  and carry out instructions, complete a normal workday without interruptions, interact
21  appropriately with the public, and respond to changes in the work setting.  (AR at
22  272-74.)  Nevertheless, in his one-sentence summation, Dr. Dudley wrote that
23  Plaintiff "retains the ability to understand, remember, and carry out simple work-
24  related tasks . . . and has no significant limitations in the ability to sustain
25  concentration/persistence/pace, relate to others, or otherwise adapt to the
26  requirements of the normal workplace.  (*Id.* at 275.)  The ALJ's selective reading of
27  this contradictory report constitutes error.  *See Edlund v. Massanari*, 253 F.3d 1152,
28  1159 (9th Cir. 2001) (holding that ALJ failed to provide substantial evidence for his

1  decision where ALJ "selectively focused on aspects of [physician's] report which

2  tend[ed] to suggest non-disability").

3      Further, if the ALJ truly wished to rely on Dr. Dudley's report, he had a duty

4  to further develop the record to resolve its ambiguities.[2/]  *Mayes v. Massanari*, 276

5  F.3d 453, 459-60 (9th Cir. 2001) (duty to develop record is triggered "when there is

6  ambiguous evidence").  This is particularly so where, as here, the treating and

7  examining opinions support the portion of Dr. Dudley's report that the ALJ

8  ignored.[3/]  (*See* AR at 678-80 (treating physician Pariewski's opinion), 642-46

9  (examining physician Goldsmith's opinion).)  Accordingly, the ALJ's review of the

10 medical evidence is not supported by substantial evidence.

11      B.    Remand is Warranted

12      With error established, this Court has discretion to remand or reverse and

13 award benefits.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Where no

14 useful purpose would be served by further proceedings, or where the record has been

15 fully developed, it is appropriate to exercise this discretion to direct an immediate

16 award of benefits.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).

17 But where there are outstanding issues that must be resolved before a determination

18 can be made, or it is not clear from the record that the ALJ would be required to find

19 plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.

20 *See id.* at 594.

21      Here, remand is required because the ALJ failed to properly evaluate the

22 medical evidence.  The ALJ shall reassess the medical opinions in the record and

23 provide sufficient reasons under the applicable legal standard for accepting or

24

25      [2/]  Alternatively, the ALJ could have properly discredited Dr. Dudley due to the

26 inconsistencies in his report.  *See Morgan*, 168 F.3d at 603.

27      [3/]  Instead, the ALJ used his selective reading of Dr. Dudley's report to impeach

28 Plaintiff's treating and examining physicians.  (*See* AR at 28-29.)

4

1  rejecting any portion of the medical opinions.  In addition, to the extent the evidence

2  is ambiguous, the ALJ shall obtain additional information and clarification regarding

3  Plaintiff's mental and physical limitations during the period at issue.

4         Based on the foregoing, IT IS ORDERED THAT judgment shall be entered

5  **REVERSING** the decision of the Commissioner denying benefits and

6  **REMANDING** the matter for further administrative action consistent with this

7  decision.[4]

8

9  Dated: February 12, 2014

10  _____

11                    Hon. Jay C. Gandhi

12                    United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

[4]   In light of the Court's remand instructions, it is unnecessary to address

28  Plaintiff's remaining contentions.  (*See* Joint Stip. at 6-20, 29-33.)

5